IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40949
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO RESENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-209-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Arturo Resendez appeals the 84-month sentence imposed
following his guilty-plea conviction for illegal re-entry after
deportation in violation of 8 U.S.C. § 1326.  He contends that
the felony conviction that resulted in his increased sentence
under 8 U.S.C. § 1326(b)(2) was an element of the offense that
should have been charged in the indictment.

Resendez acknowledges that his argument is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he
seeks to preserve the issue for Supreme Court review in light of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 120 S. Ct. at 2362; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  This argument fails.

Resendez also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Resendez did not present this argument to the district court, review is under a "maximum liberality" standard. United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000).  Resendez's indictment listed every statutorily required element of the offense, informed him of the charge, and fairly imported that his reentry was voluntary in view of the allegation that he had been deported and removed from the United States and was present without having first obtained the Attorney General's consent.  Resendez's indictment was statutorily and constitutionally sufficient.  See id. at 239 n.13.

The judgment of the district court is AFFIRMED.